BOSTON & M. CONSOL. COPPER & SILVER MIN. CO. v. MONTANA ORE-PURCHASING CO.

(Circuit Court, D. Montana, S. D. July 23, 1898.)

1. CORPORATIONS—CONVEYANCE—CONSENT OF STOCKHOLDERS.

The fact that the consent of the holders of two-thirds of the stock of a corporation was not obtained to the execution of a deed by the corporation, as required by Mont. Civ. Code, §§ 1012, 1013, does not render the deed void, and it cannot be attacked on that ground by a stranger to the title.

2. MINING CLAIMS—CONSTRUCTION OF CONVEYANCE—END LINES.

Where a portion of a lode mining claim is sold, and, as described in the conveyance, one of the end lines is not parallel to the end line of the claim, such line nevertheless becomes an end line, as between the owners of the two portions.

This is a suit for an injunction. Heard on application for a temporary injunction.

John F. Forbis, for complainant.
John J. McHatton, for defendant.

89 F.—34

DE HAVEN, District Judge. The action is one to enjoin the defendant from extracting ore from certain veins having their apexes within the premises described in the bill of complaint, and the questions arising upon the present application of plaintiff for an injunction pendente lite may be very briefly disposed of.

1. The deed executed on April 6, 1898, by the Boston & Montana Consolidated Copper & Silver Mining Company of Montana to the complainant conveyed to it the legal title to the premises therein described, notwithstanding the fact that such deed was not executed with the consent of the holders of two-thirds of the shares of the capital stock of the grantor company, as required by sections 1012 and 1013 of the Civil Code of Montana. The deed is not void, but only voidable, and the defendant, who is a stranger to the original title of the corporation grantor, is not in a position to take advantage of the fact that it was not executed in the manner provided by these sections of the Civil Code. Campbell v. Mining Co., 51 Fed. 1. See, also, Hervey v. Railway Co., 28 Fed. 169; Beecher v. Mill Co., 45 Mich. 103, 7 N. W. 695. The argument of counsel for the defendant that the deed referred to is absolutely void finds support in the cases of Milling Co. v. Kennedy, 81 Cal. 356, 22 Pac. 679; McShane v. Carter, 80 Cal. 310, 22 Pac. 178; but, in my opinion, the rule laid down in Campbell v. Mining Co., 51 Fed. 1, and in the other cases above cited, for the construction of statutes like the sections of the Civil Code of Montana above referred to, is the one best supported by reason, and is in harmony with the great weight of authority.

2. The controversy between the parties hereto relates in part to the right to extract ore from lodes or veins belonging to what was originally the Johnstown lode claim. Each of the parties is the owner of a portion of the Johnstown lode claim, and their respective titles are derived from a common source. The title of the defendant originates in a deed executed to it on March 7, 1883, conveying all the right, title, and interest of the grantors—

"To that certain portion, claim, and mining right, title, and property, on that certain ledge, vein, lode, or deposit of quartz and other rock in place, containing precious metals of gold, silver, and other metals, and situated in the Summit Valley Mining District, county of Silver Bow, and territory of Montana, and described as follows, to wit: Beginning at the S. E. cor. of lot 173, a granite stone 26x12x6 ins., 20 ins. deep, with mound of stone, 2½ feet high, 4½ feet base, alongside the stone, and running thence N., 8 degrees 30 minutes west, 219 ft.; thence N., 70 degrees 09′ W., 522 ft., from which cor. No. 1 of lot No. 179 bears N., 70 degrees 09′ W., 550 ft. distant; thence S., 74 degrees 33′ W., 329 ft.; thence S., 25 degrees 40′ W., 235 ft.; thence S., 69 degrees 25′ E., 400 ft.; thence N., 85 degrees 30′ E., 567 ft., to the place of beginning,—containing an area of 6 86/100 acres: All right, title, and interest that is now possessed, together with any that may hereafter accrue, through application No. 1,265 made to the U. S. government by the grantors herein for a patent for lot No. 173; together with all the dips, spurs, and angles, and also all the metals, ores, gold, silver, and metal-bearing quartz, rock, and earth therein, and all the rights, privileges, and franchises thereto incident, appendent, and appurtenant, or therewith usually had and enjoyed."

The remaining portion of the Johnstown lode claim is owned by the complainant, and the following diagram will show the surface lines bounding the respective tracts owned by the parties hereto:

The ·parallelogram shown upon the diagram represents the Johnstown lode claim as patented by the United States, and the portion thereof conveyed to the defendant by the deed above referred to is bounded by the lines, AA, B, C, D, E, and FF. The complainant seeks to enjoin the defendant from extracting ores from that portion of the veins belonging to the original Johnstown lode claim lying beneath and inside of the surface lines of the triangular piece of ground indicated upon the diagram by line, H, F, the dotted line, G, and line, D, extended, as shown by dotted line marked on the diagram. The claim of the complainant is that the ores lying beneath the surface lines last mentioned did not pass to the defendant under the above referred to conveyance of March 7, 1883; the complainant contending that, under a proper construction of that deed, the west end line of the property thereby conveyed to the defendant is to be run parallel with the end lines of the Johnstown lode claim, in the direction shown by the dotted line, G. This contention cannot be sustained. The line, D, is the division line between the parties, constitutes the west end line of that portion of the mining claim owned by the defendant, and the defendant is entitled to all ores lying within the surface lines of its deed, found in veins apexing in the original Johnstown lode claim, and has the right to follow such veins on their dip beyond the south lateral line (FF and E) of the premises conveyed to .it until such veins in their dip reach line D, this line being the west end line of the premises described in defendant's deed of March 7, 1883, or until such veins in their dip reach the projection of such line in its own direction, as shown by the dotted line in the diagram. In my judgment, the defendant has the same right to follow veins upon which it commences to work within its surface lines as was possessed by the patentees of the Johnstown lode claim before making their conveyance to the defendant. Support to this conclusion will be found in the cases of Richmond Min. Co. v. Eureka Min. Co., 103 U. S. 839; Eureka Consol. Min. Co. v. Richmond Min. Co., 8 Fed. Cas. 819, 4 Sawy. 302; Stinchfield v. Gillis, 107 Cal. 86, 40 Pac. 98.

It follows that the application for an injunction pendente lite must be denied, except as to that part of the premises described in the bill lying north and east of the premises described in defendant's deed above referred to.